**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| JULIA JONES, | : | **Civil Action No. 25-15680-MCA-AME** |
|  | : |  |
| Plaintiff, | : | **OPINION and ORDER** |
|  | : |  |
| v. | : |  |
|  | : |  |
| AARON GABRIEL ADAMS, et al., | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

**ESPINOSA, U.S.M.J.**

This matter comes before the Court on several unopposed motions filed by pro se plaintiff Julia Jones ("Plaintiff") for an order authorizing substituted service pursuant to Federal Rule of Civil Procedure 4(e) on various defendants, as follows: Yelin Bae [motion at D.E. 9]; Piotr Torban, Irina Klyatis, Christina Leyva, and Daejin Choi [motion at D.E. 10]; and Aaron Gabriel Adams, Nile Bailey Copeland, Gregory Preston, Dwight Anthony Robinson, and Gerald Michael Adams [motion at D.E. 23]. Plaintiff also seeks an extension of time to serve the foregoing defendants pursuant to Federal Rule of Civil Procedure 4(m) and leave to add defendants to this action [D.E. 23]. The Court has considered Plaintiff's submissions in support of these motions. For the following reasons, the motions for alternative service of process and for leave to add defendants are denied without prejudice, and the request for additional time to effect service of process is granted.

I.      **BACKGROUND**

Plaintiff filed this action on September 15, 2025, claiming she was the victim of a scheme involving human trafficking, the unauthorized practice of law, and financial exploitation, in which various attorneys and multiple owners of condominium units in the One Park building,

1

where Plaintiff also lives and co-owns her own unit, conspired to exploit Plaintiff's identity, exclude her from legal proceedings, and file retaliatory litigation against her. *See* Compl. ¶¶ 1-2, 6-15, 26-27. The Complaint alleges the scheme was orchestrated by defendant Gerald Michael Adams, who "used false pretenses of romantic partnership [with Plaintiff], business collaboration, and legal protection to exert coercive control over plaintiff." *Id.* ¶ 30.

According to the Complaint, Plaintiff and the defendants who reside at One Park, collectively referred to as the "One Park Group," were litigants in a New Jersey state court action captioned *Ayala v. DMG Investments, LLC*, which concerned their building's construction defects (the "Ayala action"). *Id.* ¶ 28. Plaintiff alleges that Gerald Adams acted as the One Park Group's liaison in connection with the Ayala action and used that position to prevent Plaintiff from seeking a remedy for her claims, force her to proceed based on legal advice provided by his brother and Texas attorney Aaron Gabriel Adams, and generally ostracize her from the One Park Group and its litigation efforts. *Id.* ¶¶ 53-58. She further alleges the scheme's various attorney participants, including Aaron Adams, among others, conspired with Gabriel Adams to conceal critical information concerning the Ayala action from Plaintiff, block her access to documents, and further Aaron Adams's unauthorized practice of law in New Jersey. *Id.* ¶¶ 18, 21, 23, 68-74.

The Complaint asserts numerous claims, including violation of the Trafficking Victims Protection Act.; civil conspiracy to obstruct justice under 42 U.S.C. § 1985, aiding and abetting the unauthorized practice of law, and breach of fiduciary duty, among others.

## II.    MOTIONS FOR ALTERNATIVE SERVICE OF PROCESS

In two of the motions before the Court, Plaintiff seeks an order authorizing service of process by certified mail and simultaneous regular mail as to several defendants identified as members of the One Park Group, namely Bae, Torban, Klyatis, Leyva, and Choi. In her third

motion concerning service, Plaintiff seeks authorization to serve defendants Aaron Adams, Gerald Adams, Copeland, Preston, and Robinson through counsel affiliated with them in other actions, whether they appear as counsel of record for these parties or sponsor their pro hac vice admissions, and/or through email. Plaintiff argues that alternative service is warranted here in view of her diligent yet unsuccessful efforts to personally serve the above-mentioned defendants.

### A.      Legal Standard

Under the Federal Rules of Civil Procedure, service of process on an individual in a federal action may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e). As this Court is located in New Jersey, the state's rules governing service of process may be applied. *Id*. The New Jersey Court Rules state that personal service is the primary method of service. *See* N.J. Ct. R. 4:4-4(a). However, they allow substitute modes of service when personal service cannot be accomplished, so long as the form of service is authorized "by court order, consistent with due process of law." N.J. Ct. R. 4:4-4(b)(3). However, the Court must first be satisfied personal service cannot be made "despite diligent effort and inquiry" before it may authorize alternative service. N.J. Ct. R. 4:4-4(b)(1). This demonstration must be made by affidavit of the plaintiff, plaintiff's attorney, or agent of the plaintiff's attorney, "fully specifying the inquiry made, of what persons and in what manner, so that by the facts stated therein it may appear that diligent inquiry has been made for the purpose of effecting actual notice." N.J. Ct. R. 4:4-5(b).

### B.      Defendants Bae, Torban, Klyatis, Leyva, and Choi

In her Certification of Diligent Efforts, Plaintiff states she arranged for service to be made on defendants in the alleged One Park Group at their residential addresses in the One Park

3

condominium building, through the Bergen County Sheriff's Office. *See* Oct. 28, 2025 Cert. ¶¶ 2-3; Oct. 30, 2025 Cert. ¶¶ 2-3. She further states that a Sherriff's officer visited the building three times in an attempt to serve Bae, Torban, Klyatis, Leyva, and Choi at their respective condo units but was not successful. *See* Oct. 28, 2025 Cert. ¶¶ 3-4; Oct. 30, 2025 Cert. ¶¶ 3-4. Plaintiff's motions concerning the unserved One Park Group defendants also include the officer's affidavits of service, which set forth the attempted service dates marked "NC" (signifying no contact) as to each of these defendants. *See* Mot. Ex. A at D.E. 9-1 and 10-1. Although she provides no further information about the nature of the service attempts or behavior of the defendants in connection with such attempts, Plaintiff nevertheless asserts it is evident these defendants are evading service because she has personally observed them on the premises of the One Park building where they continue to reside. *See* Oct. 28, 2025 Cert. ¶¶ 5-6; Oct. 30, 2025 Cert. ¶¶ 3-4.

Plaintiff appears to have made good faith efforts to effect personal service on defendants Bae, Torban, Klyatis, Leyva, and Choi. However, the mere failure to have succeeded in serving them thus far at their known place of residence does not warrant alternative service of process under the circumstances presented. Due diligence is not measured by a formulaic standard but rather by "the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant." *Modan v. Modan*, 327 N.J. Super. 44, 48 (App. Div. 2000); *see also J.C. v. M.C.*, 438 N.J. Super. 325, 331 (Ch. Div. 2013) ("In short, a plaintiff must demonstrate a good faith, energetic effort to search and find a defendant whose address is unknown, or who is allegedly evading service, before resorting to alternate means of substitute service."). Here, there is no indication that the individuals to be served tried to evade service. Nor is this a situation in which Plaintiff cannot locate the defendant, despite conducting a thorough search for the place where

4

that individual resides or is likely to be found. To the contrary, Plaintiff knows the exact residential address for each of these individuals, who live in the same condominium building as Plaintiff. Indeed, Plaintiff states she "has personally observed the defendants residing and regularly present within the building, confirming their continued residence at the service addresses." Mot. at 2. See also Oct. 28, 2025 Cert. ¶ 5; Oct. 30, 2025 Cert. ¶ 5.

In short, Plaintiff's three unsuccessful attempts to personally serve defendants Bae, Torban, Klyatis, Leyva, and/or Choi do not amount to a demonstration that any further efforts to effect personal service will likely be futile. While Plaintiff need not take every conceivable action to locate a defendant before an alternative form of service will be authorized, *see Guardian Life Ins. Co. of Am. v. Crystal Clear Indus.*, No. 11-3062, 2012 WL 1884003, *5 (D.N.J. May 22, 2012), she has not, on this record, satisfied her due diligence obligation. Therefore, the motions for alternative service of process on these defendants will be denied without prejudice.

### B.    Defendants Aaron Adams, Gerald Adams, Copeland, Preston, and Robinson

According to Plaintiff, Aaron Adams, Copeland, and Robinson are each practicing attorneys in the state of Texas, whom she has tried to serve at their respective law firm addresses as listed on the website for the State Bar of Texas. Mot. Ex. A at D.E. 23-1. As to each of these individuals, she contends personal service is impossible for the following reasons: Plaintiff states the address listed for Aaron Adams is not a place of business but rather a virtual mailbox, and he "has made himself unavailable for personal service despite his participation in [other] New Jersey Federal Court proceedings." Mot. at 3. She further states Copeland does not maintain a regular presence at his listed business address, thus "rendering personal service impossible despite diligent efforts." *Id.* As to Robinson, Plaintiff states he has not been personally located at

5

his law firm address despite being the firm's registered agent for service of process and an active litigator. *Id.* at 3-4.

Defendant Preston is also identified as an attorney, with a license to practice in New Jersey and a listed business address in this state. Plaintiff maintains she has tried but failed to serve him at his New Jersey office, but the process server she hired was informed that Preston "has relocated to New York." *Id.* at 3.

Defendant Gerald Adams has, according to Plaintiff, evaded service by using multiple addresses, including an outdated one at the One Park building and his brother Aaron Adams's Texas homes. Plaintiff states Gerald Adams is "represented by all counsel named in this matter in at least four other related cases" and frequently communicates with those attorneys. *Id.* at 4.

Lastly, Plaintiff adds that several of the attorney defendants "have appeared pro hac vice in closely related federal and state actions through Defendant Jeffrey Nash Todd." *Id.* Based on the foregoing, Plaintiff seeks authorization to serve the above-mentioned defendants by the following means: (1) as to Gerald Adams, by providing the Summons and Complaint to any of the attorneys representing him in "closely related" federal matters pending in the District of New Jersey and the Southern District of Texas; (2) as Aaron Adams, Copeland, Robinson, and Presong, by serving attorney and named defendant Jeffrey Nash Todd, who she asserts has sponsored these defendants' pro hac vice admissions; and (3) by email. *Id.* at 5-6.

The Court has carefully considered the material submitted by Plaintiff in support of this motion and finds it fails to satisfy the diligent effort and inquiry requirement of New Jersey Court Rule 4:4(b), as applicable here through Federal Rule of Civil Procedure 4(e). Plaintiff asserts that personal service on defendants Aaron Adams, Gerald Adams, Copeland, Preston, and Robinson is impossible and/or that these defendants are evading service, but these assertions are

6

conclusory. As to the attorney defendants, the evidence before the Court shows only that a process server has attempted to locate them at their listed business addresses. *See* Mot. Ex. A-D at D.E. 23-1. As to Gerald Adams, the record shows a process server visited a Texas address on three occasions, receiving no answer on the first two and then ultimately speaking with an unidentified resident who informed the process server that Gerald Adams had moved. *See id.* Ex. E. However, beyond that, Plaintiff has not apparently made any further inquiry to develop other locations where these defendants might reasonably be found, including but not limited to current residential addresses and/or places where they regularly conduct business, so that she might attempt personal service at such locations. A reasonable level of diligence "'requires that a plaintiff follow up on information it possesses or can reasonably obtain.'" *Menon v. Corbett*, Civ. No. 21-8384, 2023 WL 4946972, at *2 (D.N.J. Aug. 3, 2023) (quoting H.*D. Smith, LLC v. Prime Rite Corp.*, No. 16-294, 2016 WL 3606785, at *2 (D.N.J. July 5, 2016)). *See also* N.J. Ct. R. 4:4-5(b) (setting forth requirements for affidavit of diligent inquiry). Plaintiff has not demonstrated she has exercised reasonable diligence in connection with locating and personally serving Aaron Adams, Gerald Adams, Copeland, Preston and Robinson.

Moreover, even if Plaintiff had met this threshold due diligence requirement, substitute service of process cannot be authorized unless the proposed alternative method of service is consistent with due process. *See Grange Ins. Co. v. Hankin*, Civ. No. 21-11928, 2022 WL 855694, at *4 (citing N.J. Ct. R. 4:4-4(b)(3)); *Guardian Life Ins. Co. of Am. v. Estate of Walter Matesic*, No. 16-643, 2016 WL 3763340, at *2 (D.N.J. Jul. 14, 2016). "[T]o comply with due process, the proposed method of service must provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Grange Ins. Co.*, 2022 WL 855694, at *4 (quoting

7

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). On this record, Plaintiff makes an insufficient demonstration that the alternative means she proposes—that is, by email and by delivery to attorneys affiliated with the named defendants—satisfy due process.

Accordingly, the motion for an order authorizing alternative service of process on Aaron Adams, Gerald Adams, Copeland, Preston and Robinson will be denied without prejudice.

### III.    EXTENSION OF TIME TO SERVE

Rule 4(m) states that service of process must be made "within 90 days after a complaint is filed." Here, that period expired on December 14, 2025. However, under the Rule, the Court may extend the time for effecting service for an appropriate period, upon a showing of good cause. In view of Plaintiff's attempted but unsuccessful efforts to serve various defendants, as discussed above, and in the interests of justice, the Court will grant a 90-day extension, from the date of this Order, for service to be made on the numerous defendants who have not yet been served in this action.

### IV.    REQUEST TO ADD PLAINTIFFS

Finally, in her motion concerning alternative service of process on various attorney defendants, Plaintiff includes a request for leave to join other plaintiffs to this action, pursuant to Rules 15 and 20. Although she asserts these additional parties have claims that "arise out of the same transactions, occurrences, and common questions of law and fact already before the Court," Mot. at 6, D.E. 23, Plaintiff does not identify who the proposed additional plaintiffs are nor provide any information concerning the factual allegations on which their claims would be based. Consequently, the Court cannot properly evaluate her request. Therefore, notwithstanding the liberal standards of Rules 15 and 20, Plaintiff's request to add plaintiffs will be denied without prejudice.

8

## V.    ORDER

For the foregoing reasons,

**IT IS** on this 27th day of April 2026,

**ORDERED** that Plaintiff's motion for for an order authorizing substituted service on Yelin Bae [D.E. 9] is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff's motion for for an order authorizing substituted service on Piotr Torban, Irina Klyatis, Christina Leyva, and Daejin Choi [D.E. 10] is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff's motion for substituted service and other relief [D.E. 23], is **GRANTED IN PART and DENIED IN PART** as follows:

(1) Insofar as the motion seeks an order authorizing substituted service on Aaron Gabriel Adams, Nile Bailey Copeland, Gregory Preston, Dwight Anthony Robinson, and Gerald Michael Adams, the motion is **DENIED WITHOUT PREJUDICE**; and

(2) Plaintiff's request for leave to join additional plaintiffs is **DENIED WITHOUT PREJUDICE**; and

(3) Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff's time to complete service of process on any as-yet unserved defendants is extended to July 27, 2026.

　　　　　　　　　　　　　／s／ *André M. Espinosa*
　　　　　　　　　　　　ANDRÉ M. ESPINOSA
　　　　　　　　　　　　United States Magistrate Judge

9